JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Rosaline El-Khoury

**DEFENDANTS**
FK Intermediate, LLC d/b/a Fireking Security Group

**(b)** County of Residence of First Listed Plaintiff　Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant　Floyd
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:　IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Steven B. Barrett, Esquire

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1　U.S. Government Plaintiff | ☐ 3　Federal Question *(U.S. Government Not a Party)* |
| ☐ 2　U.S. Government Defendant | ☑ 4　Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*　and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☑ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Premises Liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:　☑ Yes　☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE

DOCKET NUMBER

DATE
12/6/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #　　AMOUNT　　APPLYING IFP　　JUDGE　　MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 13 Boraten Circle, Royersford, PA 19468 _____

Address of Defendant: _____ 101 Security Parkwa, New Albany, IN 47150 _____

Place of Accident, Incident or Transaction: _____ Collegeville, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/06/2021 _____    _____ *Must sign here*    65857 _____
                                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☑ 6. Other Personal Injury *(Please specify):* _____ Premises _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____    *Sign here if applicable* _____    _____
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROSALINE EL-KHOURY                          :
13 Boraten Circle                           :
Royersford, PA  19468                       :      No. 2:21-cv-5323
                                            :
                    Plaintiff               :
        v.                                  :
                                            :
FK INTERMEDIATE, LLC d/b/a/                 :
FIREKING SECURITY GROUP                     :
101 Security Parkway                        :
New Albany, IN  47150                       :
                                            :
                    Defendant               :

---

## COMPLAINT

Plaintiff, Rosaline El-Khoury, by and through her counsel, Hamburg, Rubin, Mullin, Maxwell & Lupin, P.C., hereby files this Complaint against Defendant, FK Intermediate, LLC d/b/a FireKing Security Group, and alleges as follows:

### PARTIES

1.      Plaintiff, C Rosaline El-Khoury, is an adult individual with a residential address of 13 Boraten Circle, Royersford, Pennsylvania 19468

2.      Defendant, FK Intermediate, LLC, is a limited liability company with administrative offices located at 101 Security Parkway, New Albany, Indiana 47150.

3.      It is believed and therefore averred that Defendant, FK Intermediate, LLC[1], is one of several entities that conduct business under the fictional name FireKing Security Group.

---

[1] In a letter to Undersigned Counsel dated August 23, 2021, Travelers Insurance identified their "insured" as FK Intermediate, LLC.  That disclosure was in response to an August 16, 2021 letter of representation Undersigned Counsel sent to "Fire King Security Group" at 900 Park Place, New Albany, IN 47150.

## JURISDICTION AND VENUE

4.     This Honorable Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the Eastern District of Pennsylvania and otherwise has contacts that are sufficient for the exercise of personal jurisdiction.  *See Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310 (1945) and its progeny.

5.     This Honorable Court has subject matter jurisdiction over Defendant and the matters complained of in this Complaint pursuant to 28 U.S.C. § 1332 because the Parties are citizens of different states, and the amount in controversy is greater than $75,000.00.

6.     Venue for this action is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claims occurred herein.

## FACTUAL BACKGROUND

7.     Plaintiff, Rosaline El-Khoury, is a licensed pharmacist employed by CVS Pharmacy, Inc. ("CVS").

8.     In her role as a pharmacist, Plaintiff is required *inter alia* to fill prescription drug orders submitted by licensed medical professionals and dispense those orders to customers.

9.     Plaintiff and pharmacists like her regularly handle controlled substance medications, including narcotics and other addictive medicines that are prone to robbery, theft, and other forms of diversion.

10.     In an effort to mitigate the threat of diversion, CVS requires its pharmacists store controlled substance medications in large metal safes, which operate on a time-delay.

11.     Such large, time-delay safes are used in every CVS pharmacy location throughout the Commonwealth of Pennsylvania.

12.     While Plaintiff typically works at the CVS pharmacy located in 351 W, Schuylkill Road, Pottstown, Pennsylvania 19465, she occasionally works at other nearby CVS pharmacies, including the CVS pharmacy located at 55 Park Avenue, Collegeville, Pennsylvania 19426 (the "Collegeville Location").

13.     The Collegeville Location is equipped with three (3) separate controlled substance safes, one of which stores the prescription medication, Vicodin (the "Vicodin Safe").

14.     The Vicodin Safe is a large metal safe.  A true and correct photograph of the Vicodin Safe is attached hereto as Exhibit A.

15.     The Vicodin Safe is manufactured by Defendant, FK Intermediate, LLC.

16.     It is believed and therefore averred that the Vicodin Safe was installed by Defendant.

17.     Because of its significant size and weight, the Vicodin Safe (and safes like it) are required to be secured to an adjoining wall.

18.     In fact, the Vicodin Safe installed at the Collegeville Location came equipped with a set of bolts, nuts, and washers designed to fasten the safe to a wall.

19.     However, at all times relevant hereto, the Vicodin Safe, was not fastened to any wall.

20.     In fact, unbeknownst to Plaintiff, the Vicodin Safe was not secured to any object at all.

21.     On or about July 6, 2021, Plaintiff worked a shift at CVS' Collegeville Location.

22.     During her shift at the Collegeville Location on or about July 6, 2021, Plaintiff was asked to fill a prescription for Vicodin.

23.     To that end, Plaintiff approached the Vicodin Safe, entered the required passcode, and waited approximately three (3) minutes for the Vicodin Safe's time-delay feature to permit her access.

24.     Once the Vicadin Safe opened, Plaintiff began searching its shelves for the medication required to fill the prescription.

25.     As Plaintiff searched for the medication, the Vicodin Safe, suddenly and without warning, shifted forward and fell onto Plaintiff, causing Plaintiff to fall backwards and violently strike her head on a shelf located behind her.

26.     Plaintiff was treated at the AFC Urgent Care facility in Phoenixville, Pennsylvania later than evening, at which time she was diagnosed with a concussion and directed to submit to weekly monitoring thereafter.

27.     In the coming days and weeks, Plaintiff's condition worsened, leading to her admission to Phoenixville Hospital on or about July 30, 2021.

28.     Since the incident described hereinabove, Plaintiff learned from colleagues that the Vicodin Safe was never secured to the wall, as required.

## COUNT I – NEGLIGENCE

29.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

30.     At the time the above-referenced time, place, and location, the Vicodin Safe was located and in use at CVS's Collegeville Location.

31.     Defendant designed the Vicodin Safe.

32.     Defendant manufactured the Vicodin Safe.

33.     Defendant installed the Vicodin Safe at the Collegeville Location.

34.     Defendant had a duty to design, manufacture, and install the Vicodin Safe in such a way to ensure the safety and well-being of any and all individuals working in, with, or near the Vicodin Safe.

35.     Defendant and its agents, servants, workmen, and/or employees were negligent and/or careless by:

a.  Failing to bolt or otherwise secure the Vicodin Safe to a wall or other stationary object within the Collegeville Location, so as to prevent it from injuring persons, such as Plaintiff;

b.  Failing to make reasonable inspection of the Vicodin Safe, which would have revealed the existence of the danger posed thereby;

c.  Failing to properly supervise the installation of the Vicodin Safe;

d.  Failing to properly maintain the Vicodin Safe;

e.  Failing to hire and/or retain proper employees, agents, servants, workmen or contractors for the inspection, maintenance and correction of the dangerous condition presented by the Vicodin Safe;

f.  Failing to give warning of the dangerous condition posed by the unsecured Vicodin Safe;

g.  Failing to formulate, adopt and enforce adequate rules, procedures and policies to ensure that Defendant's products, including the Vicodin Safe, are properly and safely installed;

h.  Designing the Vicodin Safe in such a manner as to render it unstable and unsafe when not properly secured to a wall or other stationary object;

    i. Failing to take any other measures to ensure the Vicodin Safe was stable and

secure.

  36. Defendant knew or should have known that the Vicodin Safe, as installed, posed an

unreasonable risk of injury to employees, including Plaintiff.

  37. The said negligence and carelessness of Defendant was a direct, proximate and

substantial cause of Plaintiff's injuries and damages as set forth hereunder and incorporated

herein.

## COUNT II - DAMAGES

  38. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth

herein.

  39. By reason of the negligence and carelessness of Defendant,  Plaintiff violently

forced to the ground, causing her to suffer severe and serious injuries including injuries to her head

(including a concussion), vision, bones, cartilages, ligaments, muscle, nerves, and tissue, all of

which may be permanent; Plaintiff was caused to suffer emotional distress; Plaintiff was caused to

suffer aches, pains, mental anguish, shock and disability; Plaintiff was unable to undertake duties

and activities for a period of time since the accident, and believes that she will suffer impairments

and disabilities in the future, which will prevent Plaintiff from pursuing ordinary activities,

including work activities; Plaintiff has further been compelled to obtain medical treatment and

attention in an effort to alleviate said serious injuries, and believes that she will be compelled to do

so in the future. Further, Plaintiff's general health, strength and vitality have been impaired.

  40. By reason of the negligence and carelessness of Defendant,  Plaintiff has been

unable to fulfill her familial and parental duties to her two young children and has been forced to

seek the assistance of her parents, who have resided with Plaintiff since August 2021.

{03215055;v1 }

41.     As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff has been caused to suffer a loss of earnings and earning capacity, which is or may be permanent in nature.

42.     As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff has suffered embarrassment, humiliation, emotional distress and loss of the pleasures of life, all of which is or may be permanent in nature.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court enter judgment in Plaintiff's favor and against Defendant for:

      a.     actual or compensatory damages in such amount to be determined at trial and as provided by applicable law;

      b.     consequential damages;

      c.     pre-judgment and post-judgment interest;

      d.     court costs and other litigation expenses; and

      e.      any other relief the Court may deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial pursuant Federal Rule of Civil Procedure 38.


Respectfully submitted,


By: _____

        Steven B. Barrett, Esq. (I.D. #65857)
        sbarrett@hrmml.com
        Kevin M. McGrath, Esq. (I.D. #321418)
        kmcgrath@hrmml.com
        Attorneys for Plaintiff
        375 Morris Road
        P. O. Box 1479
        Lansdale, PA 19446-0773
        215-661-0400


Date: December 6, 2021

# EXHIBIT A

