IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSALINE EL-KHOURY | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| FK INTERMEDIATE, LLC d/b/a | : | NO.: 21-CV-5323 |
| FIREKING SECURITY GROUP | : | |

**DEFENDANT, FK INTERMEDIATE, LLC d/b/a FIREKING SECURITY GROUP'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, FK Intermediate, LLC d/b/a Fireking Security Group (hereinafter "Answering Defendant"), by and through its counsel, William J. Ferren & Associates, hereby files its Answer to Plaintiff's Complaint as follows:

**PARTIES**

1. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

2. Denied as stated. Answering Defendant is a limited liability company with offices located at 105 Security Parkway, New Albany, Indiana 47150.

3. Denied. The averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

**JURISDICTION AND VENUE**

4. Denied. The averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

5.     Denied. The averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

6.     Denied. The averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

## FACTUAL BACKGROUND

7.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

8.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

9.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

10.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

11.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

12. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

13. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

14. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

15. Denied. The averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

16. Denied. The averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

17. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

18. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

19. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

20. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

21. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

22. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

23. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

24. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

25. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

26.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

27.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

28.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

## **COUNT I – NEGLIGENCE**

29.     Paragraphs 1 through 28 are incorporated herein by reference as if same were more fully set forth at length.

30.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and same are therefore denied with strict proof demanded thereof.

31.     Denied.  The averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required.  They are therefore denied and strict proof is demanded at time of trial.

32.     Denied.  The averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required.  They are therefore denied and strict proof is demanded at time of trial.

33. Denied. The averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

34. Denied. The averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

35. Denied. Plaintiff fails to identify any agents, servants, workmen and/or employees of Answering Defendant in the averments of this paragraph and its subparagraphs making said averments too vague for Answering Defendant to formulate a response. They are therefore denied in that after reasonable investigation Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the Complaint and its subparagraphs. They are therefore denied and strict proof is demanded at time of trial. By way of further answer, the averments contained in this paragraph of the Complaint and its subparagraphs constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

36. Denied. The averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

37. Denied. The averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

## COUNT II – DAMAGES

38. Paragraphs 1 through 37 are incorporated herein by reference as if same were more fully set forth at length.

39. Denied. The averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

40. Denied. The averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

41. Denied. The averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

42. Denied. The averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at time of trial.

**WHEREFORE**, Answering Defendant denies it is indebted to Plaintiff and respectfully requests that the Court enter judgment in its favor and against Plaintiff, together with costs, disbursements, and any further relief deemed appropriate by this Court.

## AFFIRMATIVE DEFENSES AGAINST PLAINTIFF

Answering Defendant reserves the right to assert any and all applicable defenses to Plaintiff's claims. Answering Defendant has not yet obtained adequate discovery from Plaintiff in connection with this action, and therefore, Answering Defendant reserves the right to amend or otherwise supplement this pleading on that basis. Without limiting the generality of the

foregoing, and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in their Answer, Answering Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendant was not negligent and/or careless in any respect.

### THIRD AFFIRMATIVE DEFENSE

The injuries, damages and losses sustained by Plaintiff were not proximately and/or factually caused by Answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any injuries cognizable under Pennsylvania law as a consequence of Answering Defendant's alleged actions or inactions.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendant breached no duty owed to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

The actions of individuals or entities beyond the control of Answering Defendant may have caused or contributed to Plaintiff's alleged injuries.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate her damages.

### EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff was injured as alleged, which injuries are specifically denied, said injuries were due in whole or in part to Plaintiff's own negligence.  Therefore, Plaintiff's claims are

barred and/or limited to the provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. §7102.

## NINTH AFFIRMATIVE DEFENSE

Any injuries suffered by the Plaintiff such as alleged in Plaintiff's Complaint were caused by dangers, the risk of which Plaintiff knowingly and consciously assumed, and therefore recovery is barred pursuant to the doctrine of the assumption of the risk.

## TENTH AFFIRMATIVE DEFENSE

Any damages suffered by the Plaintiff such as alleged in Plaintiff's Complaint were the result of or caused by third persons for whom Answering Defendant is not responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of assumption of the risk, laches, release, collateral estoppel, *res judicata* and waiver.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the statute of limitations and/or statute of repose.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to join indispensable parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

The damages alleged by Plaintiff were caused by unforeseeable intervening and/or superseding acts of others independent of Answering Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Answering Defendant manufactured, designed, assembled, distributed, installed and/or sold the product referred to in Plaintiffs' Complaint, which is denied with strict proof demanded,

the subject incident and claimed damages were not caused by any condition existing in the product at the time it left the possession/control of Answering Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

The damages alleged by Plaintiff were caused by unforeseeable intervening and/or superseding acts of others independent of Answering Defendant which may bar and/or limit Plaintiff's claims against Answering Defendant.

**WHEREFORE**, Answering Defendant denies it is indebted to Plaintiff and respectfully requests that the Court enter judgment in its favor and against Plaintiff, together with costs, disbursements, and any further relief deemed appropriate by this Court.

**WILLIAM J. FERREN & ASSOCIATES**

**By:** */s/ Brendan M. Howton*
**Brendan M. Howton, Esquire**
**Attorney for Defendant,**
**FK Intermediate, LLC d/b/a Fireking Security Group**
**Supreme Court I.D. No.: 209500**
**E-Mail: bhowton@travelers.com**
**Phone Number: (267) 675-3028**
**P.O. Box: 2903**
**Hartford, CT 06104**

**Date:  January 3, 2022**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROSALINE EL-KHOURY** | : | **CIVIL ACTION** |
| | : | |
| vs. | : | |
| | : | |
| **FK INTERMEDIATE, LLC d/b/a** | : | **NO.: 21-CV-5323** |
| **FIREKING SECURITY GROUP** | : | |

## CERTIFICATE OF SERVICE

    I, Brendan M. Howton, Esquire, do hereby certify that the attached Answer to Plaintiff's Complaint with Affirmative Defenses was filed electronically with the Court and copies were sent to counsel or record via the Court's e-filing system and/or United States mail on January 3, 2022.

                                **WILLIAM J. FERREN & ASSOCIATES**

By:    */s/ Brendan M. Howton*
            **Brendan M. Howton, Esquire**
            **Attorney for Defendant,**
            **FK Intermediate, LLC d/b/a Fireking**
            **Security Group**
            **Supreme Court I.D. No.: 209500**
            **E-Mail: bhowton@travelers.com**
            **Phone Number: (267) 675-3028**
            **P.O. Box: 2903**
            **Hartford, CT 06104**