IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROSALINE EL-KHOURY | : | CIVIL ACTION |
|---|---|---|
| | : | |
| | : | NO.: 2:21-cv-5323 |
| v. | : | |
| | : | |
| FK INTERMEDIATE, LLC d/b/a | : | |
| FIREKING SECURITY GROUP | : | |
| | : | |

**<u>ORDER</u>**

AND NOW, this _____ day of _____, 2022, it is hereby ORDERED that Plaintiff's Motion for Contempt and Sanctions is GRANTED. It is further:

ORDERED that CVS Pharmacy is hereby held in contempt of court for its violation of this Court's May 4, 2022 Order; and it is further

ORDERED that CVS Pharmacy shall immediately provide any and all records in their possession, custody, or control responsive to Plaintiff's subpoena, including any and all documents relating to the purchase, installation, and maintenance of the Safe (as define in Plaintiff's subpoena), any renovation projects to the store over the last ten (10) years, and the identities of the employees working at CVS Store #2688 on July 6, 2021, as well as a signed Certificate of Authenticity regarding same; and it is further

ORDERED that full and complete responses to Plaintiff's subpoena, with signed Certificates of Authenticity, must be immediately served by CVS Pharmacy to Plaintiff's Counsel; and it is further

ORDERED that CVS Pharmacy is sanctioned _____ per day for every day that the requested records are not produced to Plaintiff's Counsel, beginning on the date of this Order.

The funds shall be paid to the Clerk of Court for the Eastern District of Pennsylvania; and it is further

ORDERED that failure to comply with this Order may result in further sanctions, including additional monetary sanctions, upon further application.

BY THE COURT:

_____
J.

{03313919;v1 }

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROSALINE EL-KHOURY | : | CIVIL ACTION |
|---|---|---|
| | : | |
| | : | NO.: 2:21-cv-5323 |
| v. | : | |
| | : | |
| FK INTERMEDIATE, LLC d/b/a | : | |
| FIREKING SECURITY GROUP | : | |
| | : | |

**PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS**

Plaintiff, Rosaline El-Khoury, by and through her counsel, Hamburg Rubin Mullin Maxwell Lupin PC, hereby file this Motion to Enforce Subpoena directed to CVS Pharmacy. In support thereof, Plaintiff avers as follows:

1. Plaintiff initiated the instant action by filing a Complaint against Defendant, FK Intermediate, LLC d/b/a FireKing Security Group, on December 6, 2021.

2. Plaintiff's Complaint alleges that she suffered personal injuries as a result of work-related incident on or about July 6, 2021 while working at the CVS pharmacy located at 55 Park Avenue, Collegeville, Pennsylvania 19426 (the "Collegeville CVS").

3. The Complaint specifically alleges that a large metal safe, suddenly and without warning, shifted forward and fell onto Plaintiff, causing Plaintiff to fall backwards and violently strike her head on a shelf located behind her.

4. On March 14, 2022, Plaintiff filed a Motion to Enforce Subpoena, requesting an Order compelling CVS Pharmacy to fully comply with Plaintiff's subpoena for records. A true and correct copy of Plaintiff's Motion to Enforce is attached hereto as Exhibit A.

5. For the sake of brevity, Plaintiff incorporates by reference the factual allegations concerning the subject subpoena that are set forth in her Motion to Enforce.

6. On April 18, 2022, this Honorable Court entered an Order directing CVS Pharmacy to "SHOW CAUSE in writing no later than April 29, 2022, why the Motion to Enforce should not be granted."

7. That same day, Plaintiff served CVS Pharmacy with this Court's Order of April 18, 2022 by way of Certified Mail, Return Receipt Requested.

8. On April 19, 2022, CVS Pharmacy, by and through the law firm of Carpenter, McCadden & Lane, LLP, sent Plaintiff's Counsel correspondence and documents. A true and correct copy of the April 19, 2022 letter from Carpenter, McCadden & Lane, LLP is attached hereto as Exhibit B.

9. The documents provided, however, we in no way responsive to the subpoena.

10. Plaintiffs' subpoena sought information and documents relating to the purchase, installation, and maintenance of the Safe, any renovation projects to the store over the last ten (10) years, and the identities of the employees working at CVS Store #2688 on July 6, 2021.

11. The documents provided by Counsel for CVS, which were comprised almost entirely of medical records, were limited to documents relevant to Plaintiff's Workers' Compensation matter.

12. None of the documents produced were in any way responsive to Plaintiff's subpoena.

13. By letter dated April 20, 2022, Plaintiff's Counsel informed Counsel for CVS that the documents produced on April 19, 2022 were not responsive to the subpoena. A true and correct copy of Plaintiff's Counsel's April 20, 2022 letter is attached hereto as Exhibit C.

14. Plaintiff's Counsel concluded his letter by demanding that CVS Pharmacy produce responsive documents by or before April 29, 2022 or face an application for sanctions.

15. Plaintiff's Counsel did not receive a response to the April 20, 2022 letter, let alone any documents responsive to the subpoena.

16. CVS Pharmacy also failed to file a written answer to Plaintiff's Motion to Enforce before the deadline imposed by this Court's April 18, 2022 Order.

17. Having received nothing in the way of a responsive filing, this Court entered an Order granting Plaintiff's Motion to Enforce on May 4, 2022.

18. That Order provided CVS Pharmacy with ten (10) days in which to produce documents responsive to Plaintiff's subpoena.

19. On May 5, 2022, Plaintiff served CVS Pharmacy with this Court's Order of April 18, 2022 by way of Certified Mail, Return Receipt Requested.

20. It is now May 16, 2022, and CVS has yet to comply with this Court's May 4, 2022 Order.

21. CVS Pharmacy's failure to comply with this Court's May 4, 2022 Order and provide documentation responsive to Plaintiff's subpoena has severely prejudiced Plaintiff and her ability to prepare her case.

22. Due to CVS Pharmacy's failure and/or refusal to respond to Plaintiff's subpoena and follow-up requests, Plaintiff was forced to expend significant time, money, and resources to prepare, file, and serve both her Motion to Enforce Subpoena and the instant Motion for Contempt and Sanctions.

23. Plaintiff also incurred additional costs to promptly serve the Court's April 18, 2022 and May 4, 2022 Orders.

24. Federal Rule of Civil Procedure 45(g) permits the Court to hold in contempt a person fails to obey the subpoena, or an order related to it, without adequate excuse.

25. For the reasons set forth hereinabove, CVS Pharmacy's violation of the Court's May 4, 2022 Order justifies the entry of monetary sanctions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant her Motion for Contempt and Sanctions and enter the Proposed Order filed herewith.

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN

By: _____
STEVEN B. BARRETT
KEVIN M. McGRATH
375 Morris Road, PO Box 1479
Lansdale, PA 19446
Attorneys for Plaintiff,
Rosaline El-Khoury

Dated:  May 16, 2022

{03313919;v1 }

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSALINE EL-KHOURY | : | CIVIL ACTION |
| | : | |
| | : | NO.: 2:21-cv-5323 |
| v. | : | |
| | : | |
| FK INTERMEDIATE, LLC d/b/a | : | |
| FIREKING SECURITY GROUP | : | |
| | : | |

### CERTIFICATE OF GOOD FAITH

The undersigned counsel for moving party hereby certifies and attests that he has had the contact described below with the parties regarding discovery matters contained in the foregoing discovery motion to resolve specific discovery disputes at issue and despite all of counsel's good faith attempts to resolve this dispute, counsel has been unable to do so.

**DESCRIPTION:** Counsel for Plaintiff issued and served a Subpoena on CVS Pharmacy on February 3, 2022. Despite numerous follow-up letters, email, correspondence, and a Motion to Enforce, no responsive documentation has been received. Counsel for Plaintiff served a copy of this Court's May 4, 2022 Order on CVS Pharmacy on May 5, 2022. CVS Pharmacy has yet to comply with either the subpoena or this Court's Order.

                                        HAMBURG, RUBIN, MULLIN,
                                          MAXWELL & LUPIN

By: _____
        STEVEN B. BARRETT
        KEVIN M. McGRATH
        375 Morris Road, PO Box 1479
        Lansdale, PA 19446
        Attorneys for Plaintiff,
        Rosaline El-Khoury

Dated: May 16, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSALINE EL-KHOURY | : | CIVIL ACTION |
| | : | |
| | : | NO.: 2:21-cv-5323 |
| v. | : | |
| | : | |
| FK INTERMEDIATE, LLC d/b/a FIREKING SECURITY GROUP | : | |
| | : | |

**CERTIFICATE OF SERVICE**

I, Kevin M. McGrath, Esquire, do hereby certify that Plaintiff's Motion for Contempt and Sanctions has been submitted electronically and is available for viewing and downloading from the PACER Electronic Filing System; otherwise service will be made by way of first class mail, postage pre-paid, on the following:

CVS Pharmacy – Store #2688
55 Park Avenue
Collegeville, PA  19426

CVS Health
One CVS Drive
Woonsocket, RI  02895

Brendan F. Howton, Esquire
Attorney for Defendant
FK Intermediate, LLC d/b/a FireKing Security Group
P.O. Box 2903
Hartford, CT  06104

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN

By: _____
STEVEN B. BARRETT
KEVIN M. McGRATH
375 Morris Road, PO Box 1479
Lansdale, PA 19446
Attorneys for Plaintiff,
Rosaline El-Khoury

Dated:  May 16, 2022

{03313919;v1 }